UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JUSTIN CURRAN,

                Petitioner,

       -against-

WILLIAM F. KEYSER,

                Respondent.
---------------------------------------------------------x

ORDER

No. 19-CV-4763 (CS) (PED)

<u>Seibel, J.</u>

        Before the Court are the Objections of Petitioner Justin Curran, (ECF No. 17 ("Obj.")), to the Report and Recommendation of United States Magistrate Judge Paul E. Davison, (ECF No. 16 (the "R&R")), recommending that his petition under 28 U.S.C. § 2254, (ECF No. 2 (the "Petition")), be denied. I presume the parties' familiarity with the underlying facts, the prior proceedings in the state courts and before the Magistrate Judge, and the standards governing § 2254 petitions.

        A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352

(E.D.N.Y. 2009).  If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  The court must review *de novo* any portion of the report to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge."  *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

> The objections of parties appearing *pro se*, such as petitioner herein, are generally accorded leniency, and should be construed to raise the strongest arguments that they suggest.  Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.

*Jones v. Superintendent of Wende Corr. Facility*, No. 16- CV- 7109, 2021 WL 1198933, at *1 (S.D.N.Y. Mar. 30, 2021), *certificate of appealability denied*, No. 21-1090, 2021 WL 5226241 (2d Cir. Oct. 26, 2021).[1]

Regarding Petitioner's first claim, Judge Davison concluded that Petitioner's Sixth Amendment right to testify was not violated by the trial court's ruling that Petitioner could not raise a psychiatric defense because Petitioner had not given the notice required under Section 250.10 of the New York Criminal Procedure Law.  (R&R at 17-18.)  Judge Davison found that that state law was a constitutional restriction on an accused's right to present evidence and that

---

[1]The Court will send Petitioner copies of all unpublished decisions cited in this Order.

the evidence Petitioner wanted to present was indeed psychiatric evidence. (*Id.*) Petitioner in his Objections does not address these conclusions, instead arguing that his trial counsel was ineffective for failing to provide the notice and for allegedly preventing Petitioner from testifying. (Obj. ¶¶ 9-10.) Ineffective assistance of counsel was not raised in the Petition or addressed in the briefing before the Magistrate Judge, and accordingly cannot be raised in objections to the R&R. *See Read v. Superintendent Mr. Thompson*, No. 13-CV-6962, 2016 WL 165716, at *11 (S.D.N.Y. Jan. 13, 2016) (collecting cases). In any event, I find no error in Judge Davison's analysis of the first claim.

In his second claim Petitioner argued that an elevator in the back of the courthouse did not constitute a detention facility as defined in the statute governing escape. Judge Davison concluded that the state court's interpretation of state law did not present a reviewable federal constitutional question. (R&R at 19.) Again, Petitioner in his Objections does not address this conclusion, instead arguing that there was no evidence supporting the inference that he was trying to escape from the elevator. (Obj. ¶ 16.) Again, this new claim cannot be raised via objections to the R&R, *id.*,[2] and again I identify no error in Judge Davison's analysis in any event.[3]

In addressing Petitioner's third claim, Judge Davison found no due process violation from the jury instruction that, at the time of the alleged attempted escape, Petitioner had been charged

---

[2] Petitioner notes in his Objections that the Petition raised the question of whether the elevator was part of a detention facility, but makes no argument about why the Magistrate Judge's analysis was incorrect. (Obj. ¶ 17.)

[3] Even if Petitioner's belated argument had been raised initially, it is without merit. The evidence that Petitioner, upon reaching the first floor where he would have been escorted to a waiting van, assaulted the officer in the elevator with him, and then two more officers who came to the first officer's aid, in an altercation that lasted ten to twelve minutes, more than adequately supported the inference that Petitioner was trying to escape.

with murder in the second degree, which is a Class A felony.[4] (R&R at 20-21.)  Any error in the instruction did not so infect the trial as to offend due process, he concluded, because the parties had already stipulated that the pending charge was murder in the second degree – a stipulation that benefited Petitioner by avoiding introduction of evidence regarding the charge – and because the seriousness of the charge was relevant to Petitioner's motive to attempt to escape.  (*Id.* at 20 & n.6.)  Petitioner argues that the charge invited the jury to infer that he was a dangerous man who had "sinne[d] before" and therefore was likely to "sin[] again[]."  (Obj. ¶ 19.)  I agree with Judge Davison that the instruction – taken from the New York pattern instructions – did not rise to the level of a due process violation.  The elements of the offense required that the jury be informed that Petitioner was facing a serious charge at the time of the alleged attempted escape; there was no suggestion that Petitioner was guilty of murder in the second degree; and the jury was thoroughly charged on the presumption of innocence, (ECF No. 8-7 at 503-06).

 Finally, Judge Davison rejected Petitioner's fourth claim that his constitutional rights were violated when the trial judge precluded Petitioner from questioning a corrections officer as to whether Plaintiff had received his medication on the day in question.  (R&R at 21-22.)  As he had with the first claim, the Magistrate Judge concluded that the confrontation clause of the Sixth Amendment was not offended by the trial court's conclusion that the evidence Petitioner sought to elicit was relevant only to the psychiatric defense that had already appropriately been precluded by application of CPL § 250.10's notice requirement.  (*Id.* at 22.)  Petitioner's objection to this ruling is mere boilerplate about the importance of the confrontation right.  (Obj. ¶¶ 21-24.)  It does not amount to a specific objection to the R&R requiring *de novo* review, but in

---

[4] That the defendant has been charged with a Class A or B felony is an element of escape under Section 205.15(2) of the New York Penal Law.

any event the application of normal rules of evidence and procedure does not violate the confrontation clause.  *See Popal v. Superintendent, Wende Corr. Facility*, No. 15-CV-1167, 2015 WL 5316301, at *17 (E.D.N.Y. Sept. 11, 2015) (confrontation clause does not "guarantee unfettered cross-examination" or "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish," but rather trial court retains broad discretion to impose reasonable limits on cross-examination) (cleaned up).  Again I agree with Judge Davison's disposition.

Accordingly, the R&R is adopted as the decision of the Court.  The Petition is denied.[5]  Because reasonable jurists would not find it debatable that Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Clerk of Court is respectfully directed to close the case.

Dated: December 1, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] No evidentiary hearing is required, as Petitioner has not identified any factual dispute requiring resolution at a hearing.  *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007).  Petitioner's reliance on *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), is misplaced.  Not only does that case involve an inapposite procedural posture, but it cemented the narrowing of the circumstances in which a petitioner is entitled to an evidentiary hearing.